IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TERRENCE T. WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-010 |
| | ) | |
| ROBINS FINANCIAL CREDIT UNION; | ) | |
| LANDON JUSTICE; and ANCHOR | ) | |
| SALES TOWING AND RECOVERY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

**I.  Procedural History**

On February 22, 2024, the Clerk of Court accepted for filing as a complaint an "Affidavit of Facts" and "Subject: Order to Remove Case to Federal Court." (Doc. no. 1.) Although both documents list only Robins Financial Credit Union as a Defendant, the Clerk also listed five other Defendants on the docket. In the "Subject: Order to Remove Case to Federal Court," Plaintiff identified a civil contempt case filed in Laurens County as a possible basis for removal, 23-CG-0721-JH. (Id. at 5); Laurens Cnty. Sup. Ct. Web Docket, available at https://peachcourt.com/ (use "Case Search" by "Case Number" in Laurens Cnty.

Sup. Ct.; then search for "23-CG-0721-JH"; last visited Apr. 16, 2024); see also (doc. no. 1, p. 3 (citing 22-CG-0754-JH as granting Writ of Possession for personal property)), available at https://peachcourt.com/ (use "Case Search" by "Case Number" in Laurens Cnty. Sup. Ct.; then search for "22-CG-0754-JH"; last visited Apr. 16, 2024)). Recognizing Plaintiff may have been attempting to appeal judgments entered against him in Laurens County Superior Court related to repossession of personal property and/or his refusal to comply with orders issued in those cases, and recognizing it was not entirely clear what Plaintiff was attempting to do in federal court and/or whether there was any jurisdictional basis for proceeding in federal court, the Court directed Plaintiff to submit an amended complaint. (See doc. no. 3.)

In the order directing Plaintiff to file an amended complaint, the Court explained a federal district court must have at least one of three types of subject matter jurisdiction and instructed Plaintiff's amended complaint must allege a valid basis for federal jurisdiction. (See id.) The Court provided explicit instructions about how to file an amended complaint, including what information must be included in numbered paragraphs: "(i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred." (Id. at 4.) Moreover, the complaint form provided to Plaintiff by the Clerk of Court instructs the *pro se* litigant to describe in the Statement of Claim what the defendant(s) did to cause harm or violate the plaintiff's rights. (Doc. no. 4, p. 4.) In particular, the plaintiff is instructed to provide dates and places for the alleged wrongful conduct, and if more than one claim is stated, number each claim and write a short and plain statement for each count. (Id.) The Court also explained in its order that if

2

Plaintiff was attempting remove a case from state court, he must comply with the requirements of the removal statute. (Doc. no. 3, p. 5.)

## II.     Screening the Amended Complaint

### A.     Background

Plaintiff names three Defendants: (1) Robins Financial Credit Union; (2) Landon Justice, attorney at Childress & Justice LLC; and (3) Anchor Sales Towing and Recovery LLC. (Doc. no. 4, pp. 1, 2.) Although the Court must take all of Plaintiff's factual allegations as true for purposes of the present screening, there are few facts presented.

Plaintiff has included a laundry list of statutes and federal codes he alleges are at issue in this case. (Id. at 3, 4, 7-11, 15-16.) This list suggests Plaintiff intends to raise some type of claim under federal consumer protection laws, as he references the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. ("TILA"), the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq*. ("ECOA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., ("FDCPA") (See, e.g., id. at 7, 9, 11, 15.) Plaintiff also references statutes setting criminal penalties for restraint of trade, 15 U.S.C. § 1, and for deprivation of rights under color of law, 18 U.S.C. § 242, (see id. at 15-16), as well as the civil rights statute, 42 U.S.C. § 1983, (id. at 7). For good measure, Plaintiff also cites an employment discrimination statute, 42 U.S.C. § 2000e-2, (id. at 15), and a federal regulation regarding financial responsibility for a motor carrier operating a motor vehicle that transports passengers, 49 C.F.R § 387.31. (Id. at 16.)

Noticeably absent from the amended complaint is the recitation of any facts in support of wide-ranging, conclusory legal allegations. As best the Court can glean from the pleading, on some unspecified date, Defendant Anchor Sales Towing and Recovery attempted to repossess a GMC Yukon Denali (ownership not identified) at Plaintiff's

3

residence after scaring his family by shining spotlights into the residence and "staking out" back roads in the woods near the residence. (Id. at 4, 11, 14.) Defendant Robins Financial Credit Union, represented by Defendant Landon Justice, filed some sort of case against Plaintiff, over which Judge Jon F. Helton presided.[1] (Id. at 4, 13.) Judge Helton allowed the case to languish for seven months and then did not honor Plaintiff's request to change a hearing date, and as a result, Defendants Robins Financial Credit Union and attorney Justice were awarded "possession of writ for no show," which violated Plaintiff's due process rights. (Id. at 13.)

On February 20, 2024, Plaintiff "made a special appearance" to subrogate the bonds, and once "they" did not accept, an unidentified debt was discharged in accordance with an unspecified provision of Georgia statutes. (Id. at 14.) The Internal Revenue Service "approved" of Plaintiff's actions, but despite the issuance of the "1099 discharge" from Robins Financial Credit Union, the financial institution is "still trying to collect a debt." (Id.) The two unidentified lawsuits and the harassment of Defendant Anchor Sales Towing and Recovery for the past one and a half years have been stressful for Plaintiff and his family and have "played a big part in the taking away our life, liberty, and pursuit of happiness along with the rest of the people involved." (Id. at 14.)

As relief, Plaintiff requests not only equitable and declaratory relief in the form of cancelling "the unlawful contract," but also monetary damages totaling nearly $438,000. (Id. at 16.) The monetary figure is composed of actual damages, attorney's fees and costs, "twice

---

[1]The Court presumes this case is one of the two Laurens County cases cited in Part I, *supra*. However, Plaintiff does not cite either case in the amended complaint, or otherwise provide any factual details about the proceedings other than the unfavorable outcome described above.

the amount of the finance charge in connection with the transaction," $40,000 in statutory damages under the FDCPA, and $250,000 for "a violation of the Postal Rule." (Id.)

B.  Discussion

1.  **Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the second amended complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  The amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual

5

enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Individuals or Entities Not Named in the Amended Complaint But Listed on the Docket as Defendants Should Be Dismissed

As previously explained, (doc. no. 3, p. 4), Plaintiff's amended complaint supersedes and replaces in its entirety the previous pleadings filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016). When the Clerk of Court originally opened the case, multiple Defendants were listed on the docket, even though they had not been identified as such in the complaint. As Plaintiff has identified only three Defendants in the amended complaint, as identified above, the other Defendants listed on the docket but whom Plaintiff does not list as a defendant in the now-operative pleading should be dismissed: Christina O'Brien, Jon F. Helton,[2] Jackie Dalton, and Childress & Justice LLC.[3]

---

[2]Plaintiff describes Judge Helton as ignoring documents filed by Plaintiff and "threatening" to take personal property if Plaintiff did not respond to a complaint in an unidentified state case. (Doc. no. 4, p. 13.) However, Plaintiff did not list Judge Helton as a Defendant in the portion of the complaint form requiring a list of Defendants. (See doc. no. 4, pp. 1-2.)

[3]Childress & Justice LLC is identified as the law firm where Defendant Landon Justice works. (See id. at 2.)

6

### 3. Plaintiff's Amended Complaint Should Be Dismissed for Failure to Follow a Court Order

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). Dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (finding dismissal appropriate where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned" (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, the Court previously explained to Plaintiff he had not provided sufficient factual detail about his claims for the Court to determine whether there was a valid jurisdictional basis to proceed in federal court and cautioned him that failure to submit an amended complaint as instructed would result in a recommendation for dismissal. (See doc. no. 3.) The Court also specifically cautioned Plaintiff about the need to provide the details of alleged misconduct, including dates and locations for alleged misconduct. (Id. at 4.) The Court also provided Plaintiff a standard complaint form containing explicit instructions to separately number each claim and provide information about the specific actions taken by Defendant that are alleged to have harmed Plaintiff or violated his rights. Yet, Plaintiff completely ignored those instructions and simply recited a string of sweeping, conclusory legal jargon without any explanation how the cited statutes and/or regulations relate to

7

circumstances of this case, and he does not provide factual support for any such connection that might exist.[4]

Plaintiff never identifies any contract he signed with any entity, let alone describe the terms of any such contract such that any determination can be made whether the terms of the financial instrument(s) or subsequent actions taken with respect to execution of the terms of the contract comply with any federal laws cited in Plaintiff's laundry list of statutes and regulations. Moreover, he uses "Defendant" and "Defendants" without identifying to who or which entity he is alleging committed a wrong, let alone the circumstances of the alleged wrong. (See, e.g., doc. no. 4, p. 10.) To properly raise a claim, a pleading must associate the purported violation with a specific defendant. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong." (citation omitted)). Problematically, Plaintiff's attempt to assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which defendants the claim is brought against" is the type of shotgun pleading long condemned by the Eleventh Circuit as failing to give adequate notice of the claims and grounds upon which such claims are based. Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1323 & n.14 (11th Cir. 2015) (collecting

---

[4]Separate from the issue of failing to include facts in the amended complaint, the Court also warned Plaintiff against employing patently frivolous sovereign citizen tactics in his filings. (Doc. no. 3, p. 1 & n.1 (collecting cases for proposition that sovereign citizen theories are repeatedly rejected in the courts as patently frivolous).) Plaintiff again signed his amended complaint, (doc. no. 4, p. 5; doc. no. 6), in a manner often associated with the sovereign citizen movement: "Terrence-Titus:Webb; Without Recourse; Done in good faith." See Federal Bureau of Investigation, Sovereign Citizen Quick Reference, https://info.publicintelligence.net/FBI-SovereignCitizenCourts.pdf (explaining indicators of sovereign citizen include signing documents with colon in name and referencing the Uniform Commercial Code); last visited Apr. 16, 2024.

cases for proposition pleadings referencing "defendants" without distinguishing which defendant is alleged to have participated in the alleged wrongful acts that could not have been performed by all defendants are "shotgun complaints" subject to dismissal).

Plaintiff's refusal to follow the Court's instructions and the instructions on the standard complaint form about providing factual details in support of his claims provides one basis for dismissing the case, but furthermore, the failure to provide factual details also means Plaintiff failed to carry his burden of establishing subject matter jurisdiction. For example, Plaintiff states in conclusory fashion that his "complaint is based on 42 U.S. code § 1983 civil action for deprivation of rights," (doc. no. 4, p. 15), but he has not alleged any of three named Defendants are persons acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff cites to federal criminal statutes, but as a private citizen, he may not force a criminal prosecution against another. See Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); Otero v. United States Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987) (same) (quoting Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973)). Indeed, the decision whether to ultimately prosecute a criminal case is a matter entirely in the local prosecutor's discretion. See, e.g., Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) ("In our system . . . the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion."); see also Dixon v. Green Tree Serv'g, LLC, Case No. 19-80022-CIV-MARRA/ MATTHEWMAN, 2019 WL 2866495, at *7 (S.D. Fla. July 3, 2019) (recognizing civil claim by private citizens for violation of Uniform Code of Military Justice not actionable).

With regard to a potential TILA claim, even if Plaintiff had identified the transaction forming the basis for his allegations of wrong-doing, failure to allege detrimental reliance is fatal to any claim for actual damages. See Turner v. Beneficial Corp., 242 F.3d 1023, 1024 (11th Cir. 2001). Nor has Plaintiff provided sufficient factual details about an alleged FDCPA claim. Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012) ("The FDCPA prohibits a 'debt collector' from using a 'false, deceptive, or misleading representation or means in connection with the collection of any debt.'") Plaintiff provides no details about the terms of the debt/finance contract at issue, and he does not allege facts that each or any Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6).[5] At best, Plaintiff simply relies on his sweeping, conclusory allegations of wrongdoing to suggest one or more Defendants wrongly attempted to collect a debt and/or repossess a vehicle. This will not suffice. See Lapinski v. Leech, 717 F. App'x 970, 971 (11th Cir. 2018) (*per curiam*) (affirming dismissal of *pro se* complaint attempting to raise FDCPA claim that was "fraught with legal conclusions and devoid of nonspeculative factual allegations").

Finally, to the extent Plaintiff mentions removal as a possible basis for federal jurisdiction, (doc. no. 4, p. 7), he fails to show removal is proper. Generally, a defendant

---

[5] "A party qualifies as a debt collector where it operates a business that has the principal purpose of collecting debts or regularly attempts to collect debts that are owed to another." Goia v. CitiFinancial Auto, 499 F. App'x 930, 938 (11th Cir. 2012) (*per curiam*) (citing 15 U.S.C. § 1692a(6). There is no explanation how any of the Defendants came to be involved in attempts to repossess the disputed Yukon or that any Defendant violated § 1692a(6), which provides a debt collector uses unfair and unconscionable means to collect or attempt to collect a debt when it threatens to take any nonjudicial action to effect dispossession if there is "no present right to possession of the property claimed as collateral through an enforceable security interest; there is no present intention to take possession of the property; or the property is exempt by law from such dispossession or disablement." Of course, Plaintiff's mention of state court proceedings, as noted previously by the Court in its order to amend, suggests a court may have issued a writ of possession against Plaintiff.

may remove an action from state court when the federal court would possess original jurisdiction over the subject matter. 28 U.S.C. § 1441(a).  Plaintiff's failure to identify *any* state court case in his amended complaint is fatal to any purported attempt to establish jurisdiction via removal.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  That is, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  Id. (footnote omitted).  Having failed to identify a state court case allegedly serving as the basis for removal, there is no way to determine whether the original action could have been filed in federal court, let alone to determine whether any such removal is timely under the thirty-day time limit set by 28 U.S.C. § 1446(b)(1). Additionally, Plaintiff has not shown compliance with the other removal requirements in § 1446(a).[6]  As such, Plaintiff has not established federal jurisdiction via removal.[7]

In sum, because Plaintiff has failed to plead sufficient facts to establish he is entitled to invoke the jurisdiction of the federal courts, his case must be dismissed.  Although the

---

[6]28 U.S.C. § 1446(a) requires filing a notice of removal signed pursuant to Fed. R. Civ. P. 11 that contains "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such [State court] action."

[7]In any event, as the Court observed in its order directing Plaintiff to file an amended complaint, Plaintiff previously cited cases where judgments had been entered against him in Laurens County Superior Court related to repossession of person property and/or his refusal to comply with orders issued in those cases. (Doc. no. 3, p. 2.)  Plaintiff cannot remove a case that has already concluded in the State courts, and the federal courts do not have jurisdiction over "cases that are essentially an appeal by a state court loser seeking to relitigate a claim that has already been decided in state court.'" Carr v. U.S. Bank, 793 F. App'x 971, 973 (11th Cir. 2019) (*per curiam*) (citations omitted).

amended complaint mentions in passing myriad federal statutes and/or regulations which one or more Defendants are alleged to have violated, he fails to allege sufficient facts to state a valid federal claim against any Defendant. His conclusory, "the-defendant-unlawfully-harmed-me accusation" will not suffice. Iqbal, 556 U.S. at 678. In a nutshell, contrary to the Court's instructions directing Plaintiff to provide dates and factual details about the alleged misconduct correlated to specific Defendants so as to establish federal jurisdiction, Plaintiff's amendment is little more than a jumble of legal jargon.

The Eleventh Circuit has affirmed the dismissal of a *pro se* complaint where a plaintiff fails to heed the pleading instructions from the court regarding re-drafting the complaint. Taylor v. Spaziano, 251 F. App'x 616, 620-21 (11th Cir. 2007) (*per curiam*); Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*). Plaintiff's mere formulaic recitation of the elements of various causes of action – devoid of factual enhancement – are insufficient. Iqbal, 556 U.S. at 678; Hesed-El v. Aldridge Pite, LLP, CV 119-162, 2020 WL 3163645, at *5 (S.D. Ga. June 12, 2020) (explaining that entirely conclusory allegations and lack of specific factual allegations requires dismissal of claims) (Hall, C.J.); see also Roberts v. Houston Cnty. Super. Ct., No. 20-14857, 2021 WL 6099478, at *3-4 (11th Cir. Dec. 23, 2021) (*per curiam*) (affirming dismissal of pro se complaint that failed to provide specific facts about what defendant did or failed to do and subsequent attempt to add facts failed "to specify which individuals allegedly violated [plaintiff's] rights and when her rights were allegedly violated").

As the Court has already given Plaintiff the opportunity to remedy his pleading deficiencies and allege sufficient facts to invoke the federal jurisdiction, to no avail, the case should be dismissed. See Hudson v. Morris, CV 420-120, 2022 WL 344556, at *5 (S.D. Ga.

12

Feb. 4, 2022) (Baker, J.) (dismissing federal claims after concluding court need not provide limitless attempts to correct repeatedly noted pleading deficiencies).

### III. Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Christina O'Brien, Jon F. Helton, Jackie Dalton, and Childress & Justice LLC be **DISMISSED** because they appear on the docket even though they were not identified as Defendants, this entire case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of April, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

13