IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| TERRENCE T. WEBB, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CV 324-010 |
| v. | * | |
| | * | |
| ROBINS FINANCIAL CREDIT UNION; | * | |
| LANDON JUSTICE; and ANCHOR | * | |
| SALES TOWING & RECOVERY, LLC, | * | |
| | * | |
| Defendants. | * | |

O R D E R

On February 26, 2024, United States Magistrate Judge Brian K. Epps ordered Plaintiff, who is proceeding *pro se*, to file an Amended Complaint and provided specific instructions and a complaint form to do so. (Doc. No. 3.) The Magistrate Judge was particularly concerned about federal subject matter jurisdiction.

On March 19, 2024, Plaintiff submitted an Amended Complaint that the Magistrate Judge aptly describes as "a laundry list of statutes and federal codes . . . [without a] recitation of any facts in support of wide-ranging, conclusory legal allegations." (Report & Recommendation, Doc. No. 8, at 3.) In his Report and Recommendation of April 16, 2024, the Magistrate Judge attentively addresses each possible federal claim raised by Plaintiff and explains the lack of factual support for the claim. (See generally

id.)  Ultimately, Judge Epps recommends dismissal. (Id. at 11-12.)

On May 22, 2024, Plaintiff filed his objections to the Report and Recommendation. Interestingly, Plaintiff states that he outlined "a series of events commencing on January 24, 2020, with a communication from Kyle Zozlowski regarding a 2015 Yukon Denali purchase through Bentley Downers Grove . . . ." (Doc. No. 12, at 1.) Nothing from this quoted statement appears in the Amended Complaint. Instead, these "facts" appear with other details in a "Statement of Claim" that Plaintiff also filed on May 22, 2024. Finally, Plaintiff filed a motion to recuse Judge Epps, contending the Judge Epps has demonstrated personal bias against him in the case.

The Court will first address the merits. The Court has reviewed *de novo* the Amended Complaint, the Report and Recommendation, the objections thereto, and the relevant law. The Court finds no error in the handling of the case or the legal conclusions of the Report and Recommendation. Plaintiff's Amended Complaint does not properly invoke this Court's subject matter jurisdiction or state a claim for legal relief. Plaintiff's "Statement of Claim" filed as an afterthought is insufficient to remedy the matter because it does not tie any of the alleged facts to a legal claim. The Magistrate Judge was clear in his initial Order of February 26th that Plaintiff must submit one unified

2

complaint which contains short and plain statements of alleged misconduct (i.e., facts) demonstrating an entitlement to federal relief. The Court cannot and will not merge separate filings to divine what legally cognizable claim a plaintiff intends to pursue.

In short, Plaintiff did not follow the Order of February 26, 2024 and failed to file an amended complaint that provided sufficient factual detail to demonstrate a valid jurisdictional basis to proceed in federal court. The Report and Recommendation recommending dismissal is thorough, well-reasoned, and correct; thus, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Report and Recommendation as its own opinion.

With respect to the motion to recuse Judge Epps, Plaintiff cites to both 28 U.S.C. § 144 and 28 U.S.C. § 455.

Section 144 requires a party to file a timely and sufficient affidavit that the judge has a "personal bias or prejudice" against him. Section 455 provides multiple bases for recusal, but Plaintiff appears to invoke § 455(b)(1), pursuant to which a judge must recuse himself if he "has a personal bias or prejudice concerning a party . . . ." Thus, both sections involve a single basis for recusal – that is, bias or prejudice against a party. Liteky v. United States, 510 U.S. 540, 548 (1994) ("[§ 455(b)(1)] entirely duplicated the grounds of recusal set forth in § 144 ('bias and prejudice') . . . .").

"The bias or prejudice must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." United States v. Annamalai, 2023 WL 316019, at *6 (11th Cir. Jan. 19, 2023) (quoted source omitted). Adverse rulings alone are not sufficient to demonstrate a judge's impartiality absent a showing of pervasive bias. Johnson v. Monaco, 350 F. App'x 324, 327 (11th Cir. 2009).

In this case, Plaintiff has not alleged any personal or extrajudicial bias. Rather, Plaintiff is disturbed by what he perceives to be slights from Judge Epps' wording in his Orders. At the outset, the Court notes that the United States Supreme Court has stated: "[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Liteky, 510 U.S. at 555. Thus, the fact that Judge Epps pointed out that Plaintiff signed his name in a manner associated with the sovereign citizen movement does not demonstrate bias. There is nothing untrue about this statement, and Judge Epps fairly warned Plaintiff about the federal court's disdain for the sovereign citizen movement. Besides, the rejection of sovereign citizenship is not extrajudicial – it is in fact particularly judicial because sovereign citizen filings are frivolous and waste judicial resources. Moreover, Judge Epps did

4

not rest his decision in any way upon the presence of sovereign citizenship language.

Plaintiff also complains that Judge Epps called him a "state court loser." This language appears in a quote used by Judge Epps to explain removal, and there is nothing derogatory about the way it was used.

Finally, Plaintiff is offended by Judge Epps calling him a "poor person." The Court could not find any place where Judge Epps used these words. In point of fact, it was Plaintiff who moved for *in forma pauperis* status, essentially declaring himself unable to prepay filing fees and costs.

Upon the foregoing, Plaintiff has failed to demonstrate judicial bias or prejudice as grounds for recusal of Judge Epps; thus, his motion for recusal (doc. no. 14) is **DENIED**. As an aside, Judge Epps has had no other involvement in the case since his thorough, well-reasoned and correct Report and Recommendation was entered on April 16, 2024.

The captioned civil case is **DISMISSED**. The Clerk is directed to **CLOSE** the case.

**ORDER ENTERED** at Augusta, Georgia, this __18th__ day of June, 2024.

_____
UNITED STATES DISTRICT JUDGE